IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHAMAR BRADLEY, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-01208-FB |
| vs. | § § | |
| ROBERT CRAIG HOPKINS, OFFICIAL CAPACITY, ET AL., | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, but order Plaintiff to file a more definite statement.

**I. Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is a graduate student and receives

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1

some income through his work in food delivery on the weekends.  Plaintiff has significant debts, contributes $400 per month to a dependent, and does not have any savings.

This information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant Plaintiff's Motion to Proceed IFP [#1]. Plaintiff is advised, however, that although he has been granted leave to proceed IFP, this Court, may in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).  The Court will therefore order that Plaintiff's Complaint be docketed, but service upon Defendant will be withheld pending this Court's review of the plausibility of Plaintiff's claims under § 1915(e).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's proposed Complaint names eight Defendants—Craig Hopkins, Kevin Goodwin, Naji Tabet, James Kopp, Christina Sanchez, Vincent Vega, Maria Vargas-Yates, and the City of San Antonio—and asserts various claims under 42 U.S.C. § 1983 and other federal laws.  (Pl.'s Compl. [#1-1] at 1–6.)

Plaintiff's factual allegations supporting his claims are minimal but relate to the termination of his employment as a City of San Antonio employee.  Plaintiff asserts that he was a probationary employee and that Ms. Vargas-Yates contacted him requesting additional

---

[2] 28 U.S.C. § 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

information related to the position of employment (presumably during the probationary period). (*Id.* at 3–5.)  Plaintiff further claims that Mr. Kopp subsequently harassed him on the phone and attempted to intimidate him, and Ms. Sanchez changed the requirements for the position.  (*Id.*)  Ultimately, under the "false pretense" that he failed to maintain eligibility for the position, he was terminated.  (*Id.*)  Plaintiff claims that Mr. Hopkins, Mr. Goodwin, Mr. Tabet, and Mr. Vega were complicit in the deprivation of his right to due process, and that all Defendants engaged in a conspiracy to violate him of his rights.  (*Id.*)

The Court needs additional information to be able to determine whether Plaintiff's Complaint states a plausible claim for relief before ordering service of process on all or some of the named Defendants.  The Court will therefore instruct Plaintiff to file a More Definite Statement as set forth below.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's pro se Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefor, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.  <u>Service upon Defendant should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that on or before **January 13, 2021**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court.  Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims.  *See* Fed. R. Civ. P. 8(a)(2).  In this More Definite Statement, Plaintiff should include the following information:

- Please describe your employment with the City of San Antonio? What date did you begin employment? What was your position? What were the conditions of your probationary period?

- Please describe your termination. What date were you terminated? What was the stated reason for your termination? Who informed you of the termination? Were you given anything in writing? Please describe briefly why you believe your termination violated federal law and submit any documents you received related to your termination.

- Please list every Defendant and provide his or her title with the City of San Antonio. Briefly describe how <u>each Defendant</u> was involved in the termination decision.

- You said that you were deprived of your right to "due process." What process do you believe you were entitled to that you claim your employer failed to provide?

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this ____ day of _____2022.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement,

4

he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 16th day of December, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE