IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHAMAR BRADLEY, | § | |
| | § | |
| *Plaintiff,* | § | SA-21-CV-01208-FB |
| | § | |
| vs. | § | |
| | § | |
| ROBERT CRAIG HOPKINS, OFFICIAL | § | |
| CAPACITY, CHIEF INFORMATION | § | |
| OFFICER, CITY OF SAN ANTONIO, | § | |
| INFORMATION TECHNOLOGY | § | |
| SERVICES DEPARTMENT (ITSD); | § | |
| KEVIN GOODWIN, OFFICIAL | § | |
| CAPACITY, CHIEF TECHNOLOGY | § | |
| OFFICER, CITY OF SAN ANTONIO, | § | |
| INFORMATION TECHNOLOGY | § | |
| SERVICES DEPARTMENT (ITSD); NAJI | § | |
| KHALED TABET, OFFICIAL | § | |
| CAPACITY, CHIEF DATA OFFICER, | § | |
| CITY OF SAN ANTONIO, | § | |
| INFORMATION TECHNOLOGY | § | |
| SERVICES DEPARTMENT (ITSD); | § | |
| JAMES OTIS KOPP, OFFICIAL | § | |
| CAPACITY, CITY ATTORNEY, CITY | § | |
| OF SAN ANTONIO; CHRISTINA | § | |
| SANCHEZ, OFFICIAL CAPACITY, | § | |
| EMPLOYEE RELATIONS BUSINESS | § | |
| PARTNER, CITY OF SAN ANTONIO, | § | |
| HUMAN RESOURCES; VINCENT | § | |
| VEGA, OFFICIAL CAPACITY, | § | |
| EMPLOYEE RELATIONS MANAGER, | § | |
| CITY OF SAN ANTONIO, HUMAN | § | |
| RESOURCES; MARIA VARGAS- | § | |
| YATES, OFFICIAL CAPACITY, | § | |
| SENIOR MANAGEMENT ANALYST | § | |
| (SUPERVISOR), IDENTIFICATION | § | |
| OFFICE, CITY OF SAN ANTONIO, SAN | § | |
| ANTONIO POLICE DEPARTMENT; | § | |
| AND  CITY OF SAN ANTONIO, | § | |
| HUMAN RESOURCES, SAN ANTONIO | § | |
| POLICE DEPARTMENT, | § | |
| INFORMATION TECHNOLOGY | § | |
| SERVICES DEPARTMENT, OFFICE OF | § | |
| THE CITY ATTORNEY; | § | |
| | § | |
| *Defendants.* | § | |

1

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the above-styled cause of action.  This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution.

### I.  Background and Analysis

Plaintiff Shamar Bradley, proceeding *pro se*, filed this action on December 16, 2021, against eight Defendants—Craig Hopkins, Kevin Goodwin, Naji Tabet, James Kopp, Christina Sanchez, Vincent Vega, Maria Vargas-Yates, and the City of San Antonio.  Plaintiff's Complaint asserts various claims under 42 U.S.C. § 1983 and other federal statutes.  The Court granted Plaintiff's motion to proceed *in forma pauperis* but, after a review of the pleadings, ordered Plaintiff to file a More Definite Statement to assist the Court in determining whether Plaintiff had stated a plausible claim for relief justifying service on any Defendant.

Plaintiff's factual allegations in his Complaint are minimal but relate to the termination of his employment as a City of San Antonio employee.  Plaintiff asserts that he was a probationary employee and that Ms. Vargas-Yates contacted him requesting additional information related to the position of employment (presumably during the probationary period).  (*Id.* at 3–5.)  Plaintiff further claims that Mr. Kopp subsequently harassed him on the phone and attempted to intimidate him, and Ms. Sanchez changed the requirements for the position.  (*Id.*)  Ultimately, under the "false pretense" that he failed to maintain eligibility for the position, Plaintiff alleges he was terminated.  (*Id.*)  Plaintiff claims that Mr. Hopkins, Mr. Goodwin, Mr. Tabet, and Mr.

Vega were complicit in the deprivation of his right to due process, and that all Defendants engaged in a conspiracy to deprive him of his rights.  (*Id.*)

The Court determined that it needed additional information before ordering service on Defendants.  The Court's Order for a More Definite Statement ordered Plaintiff to respond to specific questions regarding the following:  (1) the dates of his employment with the City of San Antonio, his positions and the conditions of his probationary period; (2) the date, stated reason, and facts surrounding his termination (including how each named Defendant was involved in the termination decision) and why Plaintiff believes his termination violates federal law; and (3) an explanation as to why Plaintiff believes he was deprived of due process and what process he believes he was entitled to that his employer failed to provide.  The Court also ordered Plaintiff to provide the Court with copies of any documentation of the events surrounding his termination. Plaintiff's More Definite Statement, containing the answers to these questions, was due on or before January 13, 2021.  To date, Plaintiff has failed to respond to the Court's Order.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b).  In the Court's Order for a More Definite Statement [#4], the Court specifically warned Plaintiff that a failure to comply with the Order could result in dismissal for failure to prosecute.  In light of Plaintiff's failure to respond to the Court's Order to file a More Definite Statement, the Court will recommend that Plaintiff's claims be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II.  Conclusion and Recommendation

Having considered the record in this case, the undersigned **recommends** that this case be **DISMISSED FOR WANT OF PROSECUTION**.

### III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 7th day of February, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE